NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CALVIN DONNEL HARDISON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3082

---

Petition for review of the Merit Systems Protection Board in No. DC-0731-14-0552-I-1.

---

Decided: August 5, 2015

---

CALVIN DONNEL HARDISON, Washington, DC, pro se.

GREGG PARIS YATES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before LOURIE, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Calvin Donnel Hardison ("Hardison") appeals from the decision of the Merit Systems Protection Board (the "Board"), which affirmed the decision of the Office of Personnel Management ("OPM") to separate Hardison from Federal service, cancel his eligibilities, and debar him from competition for or appointment to any covered position for three years. *See Hardison v. Office of Pers. Mgmt.*, No. DC-0731-14-0552-I-1, 2014 WL 7045075 (M.S.P.B. Dec. 10, 2014) ("*Decision*"). Because the Board did not err in affirming OPM's decision, we *affirm*.

## BACKGROUND

From June 2012 to April 2013, Hardison was employed by Adrian L. Merton, Inc. ("ALM") as a laborer. On April 24, 2013, he was involuntarily terminated from employment for excessive absences.

On April 29, 2013, Hardison submitted Form OF 306, Declaration for Federal Employment, as part of his application for employment with the Federal government. Question 12 of that form asks:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency? If "YES," use item 16 to provide the date, an explanation of the problem, reason for leaving, and the employer's name and address.

Resp't's App. 20. Hardison answered "no" to that question without revealing his involuntary termination from ALM. *Id.* He signed the form manually and certified that his answers were "true, correct, complete, and made in good faith." *Id.* at 21.

On June 2, 2013, the Department of the Interior appointed Hardison to a temporary position as a Maintenance Worker with the National Park Service ("NPS"). On June 3, 2013, during new-employee in-processing, he signed Form OF 306 a second time without changing his answer to Question 12. *Id.* at 37–38. In September 2013, Hardison submitted Form OF 306 to apply for another Federal position; he again answered "no" to Question 12 and signed the form a third time. *Id.* at 40–41.

As part of the Federal hiring process, NPS requested a background investigation. In October 2013, OPM notified Hardison that its investigation uncovered "a serious question concerning [his] suitability for Federal service" relating to his "[m]isconduct or negligence in employment" with ALM and his "[m]aterial, intentional false statement" on Form OF 306. *Id.* at 42. He responded to those charges. After considering his responses, OPM decided to separate him from Federal service, cancel his eligibilities, and debar him from competition for or appointment to any covered position for three years. *Id.* at 58. On March 25, 2014, Hardison was separated from Federal service. He then appealed to the Board.

The Administrative Judge ("AJ") issued an initial decision affirming OPM's decision. *Decision* at 1. First, the AJ found that Hardison engaged in misconduct or negligence in employment because it was undisputed that he was terminated from ALM for excessive absences and his absenteeism constituted employment misconduct. *Id.* at 6. Second, the AJ noted that Hardison did not challenge the finding that he failed to disclose his termination from ALM on Form OF 306; instead, he argued that the mistake was unintentional. *Id.* at 9. The AJ found, however, that he "was on notice and was told to complete a new OF 306 with new, updated information" on June 3, 2013, *id.* at 9–10, that he signed the form physically "with wet signature" on all three occasions, *id.* at 10, and that "his omission of a significant fact (not just omission, but

affirmative statement to the contrary) relating to termination from employment was repeated multiple times," *id.* The AJ thus agreed with OPM that Hardison's failure to correct and update Form OF 306 was intentional. *Id.* Accordingly, the AJ found that OPM proved both charges by a preponderance of the evidence.

Hardison did not file a petition for review by the full Board, and the AJ's decision thus became the final decision of the Board. Hardison timely appealed from the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Hardison argues that he did not intentionally falsify his answer to Question 12 on Form OF 306. He maintains that the form was completed before his termination from ALM and that he then used the same form for various job applications. He asserts that his failure to update the form was merely an oversight. The government responds that substantial evidence supports the Board's finding that Hardison intentionally omitted his adverse employment history on Form OF 306. Additionally, the government contends that OPM's action was also based on misconduct or negligence in employment that Hardison does not challenge on appeal.

We agree with the government that substantial evidence supports the Board's finding that Hardison made material, intentional false statements on Form OF 306. It is undisputed that, after he was involuntarily terminated from employment with ALM, Hardison signed and submitted Form OF 306 on three occasions without updating the form to reveal the involuntary termination. Intent to deceive may be proven directly or derived from circumstantial evidence. *Naekel v. Dep't of Transp.*, 782 F.2d 975, 978 (Fed. Cir. 1986). As the Board found, on each of those occasions, he manually signed the form with a "wet" signature and certified that his answers were true, correct, complete, and made in good faith. *Decision* at 10. The Board found that those certifying signatures support a finding that he signed the forms with the intent to conceal his adverse employment history. *Id.* Moreover, substantial evidence supports the Board's finding that Hardison was on notice that he ought to update Form OF 306 with new information and certify that it was correct at the time he entered service on June 3, 2013. *Id.* at 9–10. We therefore conclude that substantial evidence supports the Board's finding that Hardison intentionally omitted his adverse employment history with ALM on Form OF 306. The Board thus did not err in sustaining OPM's charge of material, intentional false statement.

Additionally, we agree with the government that OPM's decision was also supported by the separate charge of misconduct or negligence in employment for excessive absences, which Hardison does not challenge on appeal. As the Board noted, there are few things more basic to the employer-employee relationship than the employee's duty to report to work as expected. *Id.* at 6. The Board thus did not err in finding that Hardison's excessive absenteeism at ALM constituted employment misconduct. We therefore conclude that the Board correctly affirmed OPM's decision on this additional ground.

CONCLUSION

We have considered Hardison's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.